# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| HORACE WASHINGTON, § | | |
| Reg. No. 28519-034, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | EP-11-CV-118-KC | |
| § | | |
| M. TRAVIS BRAGG, § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Horace Washington ("Washington"), an inmate confined at the La Tuna Federal Correctional Institution ("La Tuna") in Anthony, Texas,[1] seeks relief through a *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 5]. Washington contests the validity of a prison disciplinary conviction which he received for abusing telephone privileges while a prisoner at the Texarkana Federal Correctional Institution ("Texarkana") in Texarkana, Texas. Washington claims the evidence does not support the Discipline Hearing Officer's ("DHO") finding of guilt. Respondent M. Travis Bragg ("Bragg"), the Warden at La Tuna, counters Washington's petition with a motion to dismiss, or in the alternative, motion for summary judgment [ECF No. 8]. Bragg maintains some evidence in the record does support the DHO's finding. Moreover, Bragg asserts, the disciplinary proceedings Washington attacks meet the constitutional minima, and Washington is not entitled to relief. After reviewing the record, and for the reasons discussed below, the Court concludes that it should grant Bragg's motion and dismiss Washington's cause.

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C.A. § 124(d)(3) (West 2011).

**FACTUAL AND PROCEDURAL BACKGROUND**

Washington pleaded guilty in the United States District Court for the Eastern District of Louisiana to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b) and 851(a). The Court accepted Washington's plea and sentenced him to the mandatory minimum sentence of twenty years' imprisonment followed by ten years' supervised release.[2] The Bureau of Prisons thereafter sent Washington to serve his prison sentence at Texarkana.

While monitoring inmate telephone conversations at Texarkana on December 29, 2009, Senior Officer Specialist B. Sharp ("Sharp") noted the automated voice identification system indicated that inmate Martin ("Martin") had placed a call. When he listed to the conversation, however, he recognized Washington's voice. Sharp claimed familiarity with Washington's voice based on working with Washington in his housing unit. Sharp also knew Washington was not permitted to make telephone calls due to his history of telephone abuse.

During an interview the following day, Washington admitted to the investigating lieutenant that he had talked on the phone using inmate Martin's account. He explained that "Martin called the number . . . said his name and gave me the phone so I could talk. I'm taking full responsibility. I don't want Martin to get in any trouble he is my friend."[3]

Washington received a copy of the incident report charging him with using a telephone for abuse other than criminal, in violation of Code 297, on December 30, 2009. Washington appeared before the Unit Discipline Committee ("UDC") on January 5, 2010, suggested Sharp

---

[2] *United States v. Washington*, Cause No. 03-209 "A" (E.D. La. Jan. 11, 2005), *appeal dismissed*, No. 05-30176 (5th Cir. Mar. 8, 2005).

[3] Resp't's Mot. for Summ. J Ex. A, Attach 2. p. 2 (Incident Report).

had wrongfully targeted him, and said he wanted to fight the disciplinary. The UDC referred the case to a Discipline Hearing Officer ("DHO") after noting "Washington has a history of phone abuse and continues to not comply."[4]

Washington appeared before a DHO on February 3, 2010. At the hearing, Washington confirmed he had received a copy of the incident report, wanted a staff representative, did not want to call any witnesses, and had no documentary evidence to present. Washington then claimed that he asked Martin to call Washington's family and request money. His staff representative explained that Washington had strong family ties and argued that he would benefit from having phone privileges. After reviewing the evidence, the DHO found that Washington had committed the prohibited act alleged in the incident report.

> In deciding this issue, I found no merit in your argument of defense. Not only did the reporting staff member hear you on the phone, you stated to the investigating lieutenant "Yes, I was on the telephone yesterday. I'm admitting to it. Martin called the number . . . , said his name, and gave me the phone so I could talk. I'm taking full responsibility." I find the written statement of the reporting staff member and your admission to the investigating lieutenant[ ] sufficient evidence to uphold that you have violated Code 297, Use of the Telephone for Abuses Other Than Criminal Activity.[5]

As punishment, the DHO disallowed twenty-seven days of vested good conduct time, imposed thirty days of disciplinary segregation, took away telephone privileges for 730 days, and withdrew commissary and visiting privileges for 180 days. The DHO also recommended a disciplinary transfer. Washington thereafter exhausted his administrative remedies through the Bureau of Prisons' multi-tiered administrative remedy program whereby inmates can "seek

---

[4] *Id.* Ex. A, Attach 2, p. 1 (Incident Report).

[5] *Id.* Ex. A, Attach 2, p. 9 (Discipline Hearing Officer Report).

formal review of an issue relating to any aspect of [their] own confinement."[6]

In his amended petition, Washington raises three grounds for relief.[7] First, he maintains there was no evidence that he used a telephone on December 20, 2009. He explains "[t]he writer of the incident report did not witness the petitioner making or placing any telephone call on 12/29/2009, and there is not any other eye witness [sic] who saw petitioner on the phone . . ."[8] Second, Washington asserts the DHO deprived him of his due process rights because there was no direct evidence that he used or talked on a telephone on December 20, 2009.[9] Finally, Washington claims the investigating lieutenant fabricated his confession. He explains "[t]he alleged confession did not exist and there is not record of any such statement. The information is false . . ."[10] While not specifically stated in Washington's amended petition, the Court assumes he seeks the restoration of the lost good conduct time by having the incident report expunged from his record.

## LEGAL STANDARD

A prisoner's challenge to a disciplinary action may fall within the scope of § 2241.[11]

---

[6] 28 C.F.R. § 542.10(a).

[7] Mindful of Washington's *pro se* status, the Court has read his complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining a *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers).

[8] Pet'r's Pet. 4.

[9] The Court has combined Washington's second and third grounds for relief because they are similar.

[10] Pet'r's Pet. 7.

[11] *See Carmona v. U.S Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[A]ppellant's petition to expunge the Bureau's disciplinary sanctions from his record, including the loss of good time credits, as a challenge to the execution of his sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241.").

Relief is not available, however, unless the petitioner shows that prison authorities deprived him of some right secured by the Constitution or laws of the United States.[12] Moreover, "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."[13] A recognized liberty or property interest must be at stake before a due process claim is cognizable.[14] Accordingly, a petitioner is not entitled to due process protections in a prison disciplinary hearing unless he is subjected to sanctions which "impose[ ] atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."[15]

A federal prisoner has a liberty interest in his accumulated good-time credit.[16] Thus, the "revocation of such credit must comply with minimal procedural requirements."[17] However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."[18] At a minimum, the prisoner is entitled to (1) advance written notice of the disciplinary charges; (2) an opportunity to present

---

[12] *See Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness."); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) ("'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)).

[13] *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

[14] *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972).

[15] *Sandin*, 515 U.S. at 484.

[16] *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

[17] *Id*.

[18] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

evidence in his defense; and (3) a written statement by the factfinder regarding the evidence relied on and reasons for the disciplinary action.[19] Additionally, there must be "some evidence" which supports the disciplinary decision.[20] Furthermore, a court's determination "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."[21]

"A motion to dismiss for failure to state a claim [pursuant to Federal Rule of Civil Procedure 12(b)(6)] is an inappropriate practice in habeas."[22] A motion for summary judgment under Federal Rule of Civil Procedure 56, however, is permissible in federal habeas corpus cases.[23] Accordingly, the Court will construe Bragg's pleading as a motion for summary judgment.

Summary judgment is authorized "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but

---

[19] *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. 563–67).

[20] *Id*.

[21] *Id.* at 455; *see also Smith v. Rabalais*, 659 F. 2d 539, 545 (5th Cir. 1981) ("[T]he court may act only where arbitrary or capricious action is shown . . . . This means the prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of prison officials.").

[22] *Miramontes v. Driver*, 243 F. App'x 855, 856 (5th Cir. 2007) (per curiam) (unpublished op.) (citing *Browder v. Director, Dep't of Corr. of Ill.*, 434 U.S. 257, 269 n.14 (1978)).

[23] *Clark v. Johnson*, 202 F.3d 760, 764–65 (5th Cir. 2000) (citations omitted).

[24] Fed. R. Civ. P. 56(a).

need not negate the elements of the nonmovant's case."[25] The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[26] If the moving party meets this burden, the nonmovant must show that specific facts exist over which there is a genuine issue for trial.[27]

## ANALYSIS

The record clearly demonstrates—and Washington does not dispute—that prison authorities afforded him the constitutional minima throughout the disciplinary process to satisfy due process. Prison authorities provided Washington with (1) a written notice of the charges against him at least twenty-four hours before the proceedings,[28] (2) an opportunity to call witnesses and present evidence in his defense,[29] and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.[30]

Moreover, "[p]rison disciplinary proceedings are overturned only where no evidence in the

---

[25] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

[26] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).

[27] *Little*, 37 F.3d at 1075.

[28] *See* Resp't's Mot. for Summ. J Ex. A, Attach 2. p. 1 (showing an employee delivered a copy of the incident report to Washington at 5:20 p.m on December 30, 2009).

[29] *See id*. Ex. A, Attach 2. pp. 3, 9 (showing the DHO afforded Washington the opportunity to call witnesses and present evidence).

[30] *See id*. Ex. A, Attach 2. p. 10 (showing an employee delivered a copy of the discipline hearing officer's report to Washington at 1:00 p.m. on February 10, 2010).

record supports the decision."[31] Furthermore, a court reviewing a prison disciplinary determination may not substitute its judgment for that of the prison authorities.[32] Thus, "[d]etermining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer."[33]

In this case, the DHO clearly relied upon Sharp's statement that he overheard Washington talking on the telephone.[34] Sharp's statement–standing alone–provides some evidence of Washington guilt.[35] Additionally, the DHO considered, but found no merit in, Washington's defense.[36]

Washington also asserts the investigating lieutenant fabricated evidence against him by claiming Washington admitted he was on the telephone. "However, there is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate . . . procedural

---

[31] *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001) (per curiam); *see also Morgan v. Dretke*, 433 F.3d 455, 456 (5th Cir. 2005) ( "The 'some evidence' standard is extremely deferential—we have found a single report or testifying witness sufficient to support an adverse disciplinary decision.").

[32] *Flannagan v. Tamez*, 368 F. App'x 586, 588 (5th Cir. Mar. 5, 2010) (per curiam) (unpublished op.) ("[T]his court is not free to retry the disciplinary charge and substitute its opinion for that of the DHO.").

[33] *Hudson*, 242 F.3d at 537.

[34] *See* Resp't's Mot. for Summ. J Ex. A, Attach 2. p. 9 ("Not only did the reporting staff member hear you on the phone, you stated to the investigating lieutenant 'Yes, I was on the telephone yesterday.' . . . I find the written statement of the reporting staff member and your admission to the investigating lieutenant[ ] sufficient evidence to uphold that you have violated Code 297, Use of the Telephone for Abuses Other Than Criminal Activity.").

[35] *Hudson*, 242 F.3d at 536–37.

[36] *See* Resp't's Mot. for Summ. J Ex. A, Attach 2. p. 9 ("I found no merit in your argument of defense.").

remedy to challenge the accusations."[37] Here, Washington had an adequate procedural remedy—through the disciplinary hearing process—to challenge the assertion by the investigating lieutenant that Washington had confessed his guilt. The DHO, not the Court, must determine the credibility of the witnesses.[38] The fact that Washington may not agree with the DHO's conclusion that the investigating lieutenant provided credible testimony cannot provide the basis for reversing the DHO's findings.[39]

## CONCLUSION AND ORDERS

After carefully examining the record, the Court concludes that there is no dispute as to any material fact. Washington cannot establish that he was deprived of some right secured by the Constitution or laws of the United States. Thus, he is not entitled to federal habeas corpus relief, and Bragg is entitled to summary judgment. Therefore, the Court enters the following orders:

1. The Court **CONSTRUES** Respondent M. Travis Bragg's motion to dismiss, or in the alternative, a motion for summary judgment [ECF No. 8] as a motion for summary judgment.

2. The Court **GRANTS** Respondent M. Travis Bragg's motion for summary judgment.

3. The Court **DENIES** Petitioner Horace Washington's *pro se* amended petition for habeas corpus under 28 U.S.C. § 2241 [ECF No. 5] and **DISMISSES** his cause **WITH**

---

[37] *Grant v. Thomas*, 37 F.3d 632, 1994 WL 558835, at *1 (5th Cir. Sept. 23, 1994) (per curiam) (unpublished op.) (citing *Collins v. King*, 743 F.2d 248, 253–54 (5th Cir. 1984)); *see also Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (explaining a prison inmate has no constitutional right against being falsely accused of conduct which might result in deprivation of liberty interest).

[38] *Hudson*, 242 F.3d at 536–37.

[39] *See id.* at 537 ("Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer.").

**PREJUDICE**.

4. The Court additionally **DENIES** all pending motions in this cause, if any, as **MOOT**.

**SO ORDERED.**

**SIGNED** this 9th day of **November 2011**.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE